IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FREDERICK W. SMITH, JR., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 19-1634-RGA |
| CONNECTIONS CSP, INC., et al., | : | |
| Defendants. | : | |

Frederick W. Smith, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 7, 2019
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Frederick W. Smith, Jr., an inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). He requests counsel. (D.I. 6). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a).

## BACKGROUND

Plaintiff alleges that "something is wrong" with his left shoulder, and the treatment provided has made the condition worse. Plaintiff alleges that one of the providers issued a consult for Plaintiff to undergo an ultrasound, and Plaintiff was told that the ultrasound was not available to him. Plaintiff seeks compensatory damages.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his

1

complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S.10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780,787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

**State Actor.** Named as a defendant is White and Williams, counsel for Connections CSP, Inc. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). To act under "color of state law" a defendant must be "clothed with the authority of state law." *Id.* at 49. White and Williams is a law firm which represents Connections. This Defendant is not "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d Cir. 2004).

Therefore, White and Williams will be dismissed as a defendant as the claim against it has no arguable basis in law or in fact, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

**Health Care Provider.** Plaintiff has named as a defendant, Connections, the health care provider for the Delaware Department of Correction. When a plaintiff relies upon a theory of respondeat superior to hold a corporation liable, he must allege a policy or custom that demonstrates such deliberate indifference. *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989); *Miller v. Correctional Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992).

In order to establish that Connections is directly liable for an alleged constitutional violation, plaintiff "must provide evidence that there was a relevant [Connections] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (a corporation under contract with the state cannot be held liable under § 1983 for the acts of its employees and agents under theories of respondeat superior or vicarious liability).

The Court liberally construes Plaintiff's allegations and find them sufficient to withstand screening. While discovery may show that Connections acted properly, at this early stage of the litigation, Plaintiff has pled sufficient facts to proceed against it.

## REQUEST FOR COUNSEL

Plaintiff seeks counsel on the grounds that he does not have the ability to present his case, he is unskilled in the law and the issues are complex, the case may turn on credibility determinations, expert witnesses will be necessary, he cannot attain and afford counsel on his own behalf, and counsel will serve the best interest of justice. (D.I. 6). A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory

4

right to representation by counsel.[1] See *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, there are several factors that militate against granting his request for counsel. Plaintiff has experience litigating *pro se* cases. His complaint is clearly written. In addition, the case is in its early stages and Defendant has not yet

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

been served. Therefore, the Court will deny Plaintiff's request for counsel without prejudice to renew.

## CONCLUSION

For the above reasons, the Court will: (1) deny without prejudice to renew Plaintiff's request for counsel (D.I. 6); (2) dismiss White and Williams as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 1915A(b)(1); and (3) allow Plaintiff to proceed with his claim against Connections.

An appropriate Order will be entered.